UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          CASE NO. 06-20324
                                   HON. LAWRENCE P. ZATKOFF

      Plaintiff,

vs.

ALI S. MAKKI, M.D.,

      Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on November 15, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant ALI S. MAKKI, M.D.'s Motion Pursuant to Local [Criminal] Rule 57.10 Concerning Case Assignment (Docket #19). The Government has indicated that it has no position regarding Defendant's Motion. As the Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, the Court finds that the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining additional oral arguments. For the reasons that follow, Defendant's Motion is DENIED.

### II. BACKGROUND

Following the seizure of $75,980 in cash from Defendant's residence on July 13, 2004, the Government filed a civil forfeiture action, which case was assigned to Judge Avern Cohn. Two years later, on June 13, 2006, the Indictment in the instant criminal case was assigned to the undersigned. The Indictment charges Defendant with health care fraud, immigration violations and controlled substance violations. In Count 40, the Indictment alleges forfeiture of the amount of $75,980. As Defendant notes, many of the allegations in the Indictment are similar to allegations set forth in the civil forfeiture Complaint.

### III. ANALYSIS

LcrR 57.10 (b)(4)(C) provides:

> When it becomes apparent to the Judge to whom a case is assigned and to a Judge having the earlier case number that the cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

In the instant case, neither the undersigned nor the Judge with the earlier case number (Judge Cohn) found the instant criminal case appropriate for reassignment as a companion case to the civil forfeiture case assigned to Judge Cohn in 2004 (notwithstanding the fact that Judge Cohn signed an Order prepared by counsel in the civil forfeiture case which included a reference to the instant criminal case as "the companion criminal case").

In addition, the Court finds unpersuasive Defendant's argument that this case should be moved to Detroit (or a Detroit-based Judge) because the witnesses in this case are primarily from Dearborn. The Court assures the Defendant that jurors from further away than Dearborn have sat through a month long trial here in Port Huron and all of them made it to Port Huron every

day, on time.

    Accordingly, for the reasons stated above, Defendant's Motion is DENIED.

        IT IS SO ORDERED.


                              s/Lawrence P. Zatkoff
                              LAWRENCE P. ZATKOFF
                              UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2006

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 15, 2006.


                              s/Marie E. Verlinde
                              Case Manager
                              (810) 984-3290