UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
      PLAINTIFF,

                                  CASE #:       06-20324

VS.

                                 HON. LAWRENCE ZATKOFF

ALI S. MAKKI, M.D.
          DEFENDANT.

| AUSA James Mitzelfeld | Harold Gurewitz (P14468) |
|---|---|
| U.S. Attorney's Office | Counsel for Defendant Makki |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1100 |
| (313) 226-9100 | Detroit, MI 48226 |
| | (313) 628-4733 |
| | |
| | Robert E. Forrest (P32733) |
| | Counsel for Defendant Makki |
| | Kerr, Russell & Weber |
| | 500 Woodward Avenue, Suite 2500 |
| | Detroit, MI 48226-3406 |
| | (313) 961-0200 |

MOTION TO DISMISS COUNTS 35 - 39
CHARGING 18 USC §1001 AND §2

Dr. Ali S. Makki, through counsel, respectfully requests that this Court Dismiss Counts 35-39 of the Indictment because these counts do not allege offenses. In support of this Motion, Dr. Makki relies upon the attached Brief in Support.

Pursuant to LR 7.1, undersigned counsel sought concurrence from the Government. The Government opposes this motion.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:    s/Harold Gurewitz
333 W. Fort Street, 11th floor
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com

Date:November 21, 2006        Attorney Bar Number:  14468

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
        PLAINTIFF,

                                              CASE #:        06-20324

VS.

                                              HON. LAWRENCE ZATKOFF

ALI S. MAKKI, M.D.
        DEFENDANT.

| | |
|---|---|
| AUSA James Mitzelfeld | Harold Gurewitz (P14468) |
| U.S. Attorney's Office | Counsel for Defendant Makki |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1100 |
| (313) 226-9100 | Detroit, MI 48226 |
| | (313) 628-4733 |
| | |
| | Robert E. Forrest (P32733) |
| | Counsel for Defendant Makki |
| | Kerr, Russell & Weber |
| | 500 Woodward Avenue, Suite 2500 |
| | Detroit, MI 48226-3406 |
| | (313) 961-0200 |

BRIEF IN SUPPORT OF MOTION TO DISMISS
COUNTS 35 - 39 CHARGING 18 USC §1001 AND §2

I.      INTRODUCTION

These Counts allege that Dr. Makki falsely signed certifications on an immigration

examination form, INS-693, that immigration patients had tested "non-reactive" to a TB skin test

required by the INS. In fact, the certification required Dr. Makki, as a Civil Surgeon, to affirm

that his patient "met the medical examination and health follow-up requirements for adjustment

of status." When read together with Government regulations and directions for the required

examination and form completion, the certification, as a matter of law, cannot be viewed as false

or alleged violations of 18 USC §1001.

-1-

## II.    STATEMENT OF FACTS

Counts 35 through 39, at Paragraph 56, allege that the defendant did knowingly and

willfully "make and cause the making of material false statements" in violation of 18 USC

§1001.  It is alleged that the materially false statements are certifications by his signature that

each immigration patient tested "non-reactive" to a TB skin test which he knew was false

because the patient was not administered a skin test. The specific dates of these five counts are

respectively: 2/19/04; 2/19/04; 5/12/03; 5/5/04; and 8/9/03.

More specifically, it is alleged that:

> Defendant ALI S. MAKKI, M.D. certified that more than 500
> immigration patients who had paid him for medical examinations
> required by the INS had tested "non-reactive" to a TB skin test
> required by the INS, by signing his name or causing his forged
> signature to be placed on INS I-693 Forms, when in fact MAKKI
> knew that this was false because neither he nor any of his
> employees administered a TB skin test to any immigration patients
> after May 6, 2003, and each immigrant listed below then submitted
> the materially false form to the INS to seek a change in status
> (each such materially false INS I-693 Form constitutes a separate
> count).[1]

The language of the certification on the government form referred to in these counts,
INS-693 is titled: "Application Certification". It appears in bold. It states:

> My examination showed the applicant to have met the medical examination and
> health follow-up requirements for adjustment of status.

_____

[1]  It is also alleged in Paragraph 13 that from May 6, 2003 to July, 2004 Makki "certified
that he had given each of them a medical examination and all of the necessary vaccinations and
test".  Paragraph 16 among other things, alleges that Dr. Makki  did not give required  TB skin
tests.

III.    ARGUMENT

    A.    **THIS COURT MAY DISMISS THE INDICTMENT PURSUANT TO RULE 12(b) FRCRP WHEN IT FAILS TO ALLEGE AN OFFENSE AS A MATTER OF LAW.**

Rule 12(b)(2) states that:

> A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

The rule permits the court to consider facts in deciding legal issues (Rule 12(d)); and it may rely on affidavits (Rule 12(b)(1) and Rule 47, FRCrP). The only facts necessary to be considered for this motion are the facts of the allegations of the Indictment, the fact of the Government form, INS 693 and its language about which there should be no dispute, and the existence of Government regulations and directions concerning the examination process and completion of the form, also matters about the existence of which there should be no dispute. These are the kind of matters which this Court may consider in deciding this motion.

Rule 12(b) "clearly envision[s] that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Jones*, 542 F2d 661, 664 (6th Cir., 1976). A defense raised by pretrial motions "is capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *supra*; *United States v. Levin*, 973 F2d 463, 466 (6th Cir., 1992); *United States v. Craft*, 105 F3d 1123 (6th Cir., 1997).

A defense raised by a Rule 12 motion may include a claim, like the one in this case, that the defendants' conduct does not violate the statute alleged, as a matter of law. Examples from other cases include a motion to dismiss because the indictment is barred by the Statute of

Limitations, *Craft, supra*; or, as in *Jones*, a motion to dismiss because the defendant's conduct

comes within an exception to a criminal statute, e.g., that the indictment charging an unlawful

wire tap did not apply to interspousal wiretaps.  In *United States v. Levin*, *supra,* the court

extended the scope of 12(b) motions to dismiss to include a determination by the district court

that "the predicate for the criminal charges against the appellees," *Levin* at 464, was not criminal

conduct.  Levin was charged with health care fraud by offering sales promotions to healthcare

providers.  The court dismissed the 560-count indictment pre-trial because it was not disputed

that the promotion practice was approved by the government, and, therefore, that the defendant

could not have had intent to violate the law.  Similarly, in *United States v. Flores*, 404 F3d 320

(5th Cir., 2005), the court held that the district court used the correct procedure in dismissing an

indictment pre-trial which charged an alien with an immigration offense, where the sole question

was whether the alien's application for "temporary protective status cured his illegal entry into

the Untied States for purposes of 18 USC §922(g)(5)(A)."  *Id* at 324.

The Court of Appeals for the Tenth Circuit has further extended the scope of the rule to

pretrial dismissal of an indictment, "based on the insufficiency of the evidence," *United States v*

*Hall*, 20 F3d 1084, 1087 (10th Cir., 1984), where the facts are undisputed.

> [I]t is permissible, and may be desirable, where the facts are
> essentially undisputed, for the district court to examine the factual
> predicate for an indictment to determine whether the elements of
> the criminal charge can be shown sufficiently for a submissible
> case.

*United States v. Brown*, 925 F2d 1301, 1304 (10th Cir, 1991).  In *Brown*, the question before the

court was whether an allegedly stolen computer program, that is, intangible intellectual property,

was covered under 18 USC §2314 and §2315.  Similarly, in *United States v. Wood*, 6 F3d 692

(10th Cir., 1993), the court followed the Rule 12 procedure to dismiss an indictment charging a

violation of 18 USC §1001, because the court determined that statements allegedly made to FBI

agent were not part of a judicial proceeding. In *United States v. Hall*, *supra*, the court affirmed

pretrial dismissal of an indictment charging a violation of 18 USC §924(c)(1) because it

concluded there was insufficient evidence of a nexus between the firearm and drug trafficking to

satisfy the required element of the offense; and, thus, a trial was not required.

**B.      THE CERTIFICATION REFERRED TO IN COUNTS 35-39 REQUIRE A CIVIL SURGEON TO AFFIRM THAT AN IMMIGRANT'S APPLICATION FOR CHANGE OF STATUS HAS MET THE REQUIREMENTS FOR ADJUSTMENT OF STATUS.**

The statements on the INS I-693 Form referred to at paragraph 56 of Counts 35 through

39 of the Indictment, which are alleged to have been false follows the "Civil Surgeon

Certification" on that form. The form language of the certification itself states as follows:

> My examination showed the applicant to have met the medical
> examination and health follow-up requirements for adjustment of
> status.

(Exhibit 24, INS I-693, Medical Examination of Alien Seeking Adjustment of Status).

The significance of the certification is the ultimate representation by the civil surgeon

who signs the form that the "requirements for adjustment of status" have been met as a result of

the civil surgeon's examination of the applicant.

Very plainly, the certification does not require the civil surgeon to certify that the

applicant who had paid him for medical examinations had tested – or had not been tested – by

means of a skin test for tuberculosis.

**C.      INFORMATION CONCERNING TUBERCULOSIS SKIN TESTS IS NOT PERTINENT OR MATERIAL TO THE CERTIFICATION.**

Although the I-693 Form provides for information concerning "tuberculosis-active,"

"tuberculosis- not active," and tests for those conditions, that is, a "tuberculin skin test" and a

"chest X-ray report," the civil surgeon certification at the bottom of the form does not

specifically require reference to those.  Instead, as made clear by the regulations relating to

medical examinations for aliens seeking adjustment of status, what the certification on the form

requires is that the doctor affirm his professional opinion that the individual applicant has met

requirements for adjustment of status with regard to tuberculosis.  The only disqualifying

physical condition preventing a certification that the applicant has met requirements for

adjustment of status is <u>active</u> tuberculosis, which, according to the Government's own

regulations can only be verified by a chest x-ray, not a skin test.  Therefore, whether a tuberculin

skin test was performed or not, is not material for purposes of 18 USC §1001 to the civil

surgeon's certification.  *United States v. Steele*, 933 F2d 1313 (6th Cir., 1991).

According to pertinent regulations, only tuberculosis that is in an infectious state is an

excludable condition.  (Exhibit 25??, Technical Instructions for Medical Examination of Aliens

in the United States, Section III (A)(1)(c)(1)).

The manual for civil surgeons further provides that active or "infectious tuberculosis" is

the form of the disease which "can be readily transmitted to others, as evidenced by an abnormal

chest radiograph consistent with pulmonary tuberculosis and a sputum smear that is positive for

acid-fast bacilli".  *Id* at III(A)(1)(c)(2).  Consistent with the explanations in the technical manual,

regulations define the only form of tuberculosis "of public health significance" as "tuberculosis,

active".  42 CFR §34.2(b)(8).

D.      COUNTS 35-39 FAIL TO ALLEGE THE CERTIFICATION WAS FALSE

Because a civil surgeon's certification on an I-693 Form only requires a representation

that the applicant is not ineligible because of a health condition of "public health significance,"

the allegations in Counts 35 through 39 that Ali S. Makki, M.D. made false representations by

signing the certifications cannot be sustained as a matter of law.  Further, because a skin test is

not a determinative procedure for assessing whether an applicant has "tuberculosis, active," and

because only a chest x-ray and, if necessary, a sputum smear, can be dispositive for this purpose,

any allegations in these Counts concerning the significance of skin tests cannot be material as a

matter of law.

## IV.   CONCLUSION

Because the Government has failed to set forth allegations in Counts 35 through 39 of the

Indictment required to support the elements of the offense in violation of 18 USC §1001, these

Counts should be dismissed.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:    s/Harold Gurewitz
333 W. Fort Street, 11th floor
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com
Date:November 21, 2006          Attorney Bar Number:  14468

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2006, I electronically filed the foregoing paper with the Clerk of the Court  using the ECF system which will send notification of such filing to all parties of record utilizing the CM/ECF system.

s/Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1100
Detroit, MI 48226
(313) 628-4733
email:  hgurewitz@grplc.com