UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,  CASE NO. 06-20324
                           HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

ALI S. MAKKI, M.D.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 16th, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on two Motions for Rehearing filed by the Defendant (Docket #73 and Docket #76). As these are motions for rehearing, Plaintiff is not entitled to respond. The Court finds that the facts and legal arguments pertinent to Defendant's motions for rehearing are adequately presented in the Defendant's papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motions for Rehearing are DENIED.

**II. LEGAL STANDARD**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." United States District Court, Eastern District of Michigan Local Rule 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

## III. ANALYSIS

### A. Motion for Rehearing - Docket #73

In his first Motion for Rehearing (Docket #73), Defendant challenges the following three conclusions reached by the Court:

(1) Defendant has produced no evidence that confidential sources one and two are unreliable, only assertions that Hussein Makki and Rania Taha are unreliable.

(2) Nowhere does Hussein Makki say he or Rania Taha was acting at the direction of the Government.

(3) There was independent corroborating evidence of the information provided by Sources One and Two.

Defendant asserts that those conclusions are not supported by the record and, as such, are palpable defects which would result in a different disposition of the case (*i.e.*, if the Court decided these issues differently, they would serve as the basis for granting Defendant a *Franks* hearing).

Although Defendant's Motion is organized, thorough and even more zealously prepared than his initial motion for a *Franks* hearing, the Court finds that the Defendant's arguments are

2

reiterations of those presented by Defendant when filing his motion for a *Franks* hearing. Then, as now, Defendant believed the Court should reach a certain conclusion. Generally, Defendant suggests that this Court should interpret certain statements and alleged actions of Hussein Makki and/or Rania Taha to reach the same conclusions that Defendant has. Then, as now, however, the Court has reached a different conclusion as to what the various statements and alleged actions of Hussein Makki and Rania Taha mean. Likewise, the Court continues to find that evidence in the record demonstrates that there was independent corroboration of the information supplied by Sources One and Two. The Court therefore does not agree that there is any palpable defect by which it has been misled. Accordingly, Defendant's first Motion for Rehearing (Docket #73) is DENIED.

**B.      Motion for Rehearing - Docket #76**

In his second Motion for Rehearing, Defendant asserts that the Court's April 12, 2007, Opinion is palpably defective because it fails to

> (1)     "determine whether the agents' conduct violated the Reasonableness and Particularity Clauses of the Fourth Amendment" under the standard set forth in *Baranski v. Fifteen Unknown Agents of the BATF, et al.*, 452 F.3d 433 (6th Cir. 2006) (en banc);
>
> (2)     "take into account the government's intentional sealing and failure to provide [Defendant] with a list of the items to be seized or any oral description of the items to be seized in response to his specific request;" and
>
> (3)     "take into account the conduct of the agents in carrying out seizures of items not authorized by the magistrate."

Each of the three issues the Court's April 12, 2007, Opinion allegedly failed to address stem from language in *Baranski* opinion. Defendant accurately states that the Court did not refer to *Baranski* in its April 12, 2007, Opinion. For the reasons set forth therein, the Court reiterates that suppression of evidence in this case is not an appropriate remedy. Nonetheless, the Court now briefly addresses

3

the facts of this case in light of *Baranski*, in particular the reasonableness of the search.

In *Baranski*, agents obtained a valid search warrant which incorporated by reference a supporting affidavit which particularly described the things to be seized ("about 425 " weapons in a warehouse). The affidavit was placed under seal and was not present during the search. Upon reaching the warehouse to conduct the search, the agents were met by the owner's attorney, who asked to see the warrant and then the referenced affidavit. The agents gave the attorney the search warrant and told him the affidavit was under seal. The agents also told the attorney they were looking for firearms owned by Baranski. The search was conducted peacefully and, upon leaving, the agents left a copy of the search warrant and an inventory of the seized items with the attorney.

In addressing the following question: "if the search warrants were valid when issued, did the executed searches without the list of things to be seized satisfy the Reasonableness Clause of the Fourteenth Amendment?" the Sixth Circuit stated, among other things:

- a. The failure to bring an incorporated affidavit "with them during the search may be a *factor* in determining whether the search was reasonable . . . [b]ut . . . the absence of an incorporated affidavit during a search [does not make] the search a presumptively unreasonable one . . . ," nor does it "make a warrant-supported search a warrantless one."

- b. The Constitution does not demand "that agents leave incorporated affidavits at the scene of the search . . ."

- c. In order to "satisfy the Reasonableness Clause, officers not only must obtain a valid warrant but they also must conduct the search in a reasonable manner;"

- d. "In answering the fundamental inquiry of whether *this* search was reasonable, we of course look at the 'totality of the circumstances;'" and

- e. "[A]gents who choose to rely on an incorporated affidavit typically have good reason and ample means to avoid complaints like this one."

*Baranski*, 452 F.3d at 443-47 (emphasis in original) (citations omitted). In *Baranski*, the Sixth

4

Circuit concluded that the search was reasonable, finding that (1) Baranski was not prejudiced by the agents' failure to furnish him with the list of items to be seized prior to the search, (2) the items seized and the area searched were no more than authorized by the warrant, and (3) by giving Baranski (or his attorney) a copy of the warrant and a complete inventory of the items seized, the Government provided Baranski all of the information necessary to unseal or partially unseal the affidavit. *Id.* at 446-47.

In this case, Defendant suggests that because he was never given a copy of the list of items to be seized or given oral notice of the items to be seized, this case is distinguishable from *Baranski*. For purposes of this Opinion, the Court assumes that Defendant's contention that no written or oral notice of the items to be seized was given to Defendant is true. While the absence of such notice is different from the circumstances in *Baranski*, Defendant consistently overlooks the critical fact that the agents in this case had the list of items to be seized in their possession at both search sites. As such, the instant case presents a far different situation than in *Baranski* (where the agents did not have a list in their possession during the search). Here, the agents could simply refer to the list to determine what they could seize.

Significantly, a key reason for giving a defendant notice of the items to be searched is to defuse a potential breach of the peace. *Baranski*, 452 F.3d 446. Yet, in this case, "[n]o suggestion has been raised that producing the [Affidavit or Attachment A] was necessary to defuse a potential 'breach [] of the peace.'" *Baranski*, 452 F.3d at 446 (quoting *United States v. Stefonek*, 179 F.3d 1030, 1035 (7th Cir. 1999). The Court therefore concludes that the fact that the agents possessed at the search sites a list of items to be seized afforded more constitutional protections than would be provided by agents relying on their memories to tell a homeowner the things that the agents were

5

authorized to seize.

Defendant also suggests that because of the duration of the searches, the scope of the items set forth on Attachment and the scope of items seized during the searches (including some items arguably not authorized for seizure), this case is not only distinguishable from *Baranski*, but that the search should be found unreasonable under the totality of the circumstances. The Court does not agree. First, the Court is not going to, nor is it appropriate for the Court to, establish a time line for how long agents may conduct a search. Second, the Court has reviewed the Affidavit in support of the Application and the list of items on Attachment A. The list of items to be seized is not overly broad but is tailored to seize items related to the alleged criminal activity of Defendant. Third, although there were some items seized which should not have been (as demonstrated by the fact that the Government returned them to Defendant), the Court does not agree with Defendant's assertion that the agents "grossly exceeded" the scope of the search warrants.

Finally, the Court notes that a copy of a valid search warrant was presented to Defendant (or his agent) at the Residence and the Medical Office and an inventory of items seized was provided to Defendant (or his agent) at both locations. As such, the agents satisfied the requirements under Fed.R.Crim.P. 41(f). Further, Defendant's attorney was told who to contact about the Affidavit and Attachment A, *i.e.*, the Assistant United States Attorney on the case. Therefore, despite Defendant's contentions to the contrary, the Court concludes that actions of the agents in conducting the searches did not render the search warrantless. *See Baranski*, 452 F.3d at 444.

For the foregoing reasons, Defendant's second Motion for Rehearing (Docket #76) is DENIED.

authorized to seize.

Defendant also suggests that because of the duration of the searches, the scope of the items set forth on Attachment and the scope of items seized during the searches (including some items arguably not authorized for seizure), this case is not only distinguishable from *Baranski*, but that the search should be found unreasonable under the totality of the circumstances. The Court does not agree. First, the Court is not going to, nor is it appropriate for the Court to, establish a time line for how long agents may conduct a search. Second, the Court has reviewed the Affidavit in support of the Application and the list of items on Attachment A. The list of items to be seized is not overly broad but is tailored to seize items related to the alleged criminal activity of Defendant. Third, although there were some items seized which should not have been (as demonstrated by the fact that the Government returned them to Defendant), the Court does not agree with Defendant's assertion that the agents "grossly exceeded" the scope of the search warrants.

Finally, the Court notes that a copy of a valid search warrant was presented to Defendant (or his agent) at the Residence and the Medical Office and an inventory of items seized was provided to Defendant (or his agent) at both locations. As such, the agents satisfied the requirements under Fed.R.Crim.P. 41(f). Further, Defendant's attorney was told who to contact about the Affidavit and Attachment A, *i.e.*, the Assistant United States Attorney on the case. Therefore, despite Defendant's contentions to the contrary, the Court concludes that actions of the agents in conducting the searches did not render the search warrantless. *See Baranski*, 452 F.3d at 444.

For the foregoing reasons, Defendant's second Motion for Rehearing (Docket #76) is DENIED.

## IV.  CONCLUSION

Accordingly, for the reasons stated above, Defendant's Motions for Rehearing (Docket #73 and Docket #76) are DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  May 16, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 16, 2007.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290